UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLIFFORD W. LATTISH,

               Plaintiff,

v.

WATERMAN STEAMSHIP COMPANY, a Corporation of New York State,

               Defendant.

C06-960Z

MINUTE ORDER

      The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

      (1)    The Court DENIES Defendant's Motion for Summary Judgment on Plaintiff's Negligence and Unseaworthiness Claims, docket no. 42. The Declarations of Drs. Oh and Massey, Plaintiff's March 14, 2006 Personal Injury Report, and Ms. Deatra Thompson's reports raise genuine issues of material fact on the issue of causation, precluding summary judgment. See Ribitzki v. Canmar Reading & Bates, Ltd. P'ship, 111 F.3d 658, 664-665 (9th Cir. 1997) (setting forth the causation standards for a Jones Act negligence claim and an unseaworthiness claim).

      (2)    The Court DENIES Defendant's Motion to Strike, docket no. 53. As treating doctors, Drs. Oh and Massey are not bound by the written expert report requirement. See FED. R. CIV. P. 26(a)(2), Advisory Committee Notes, 1993 amends.; Shapardon v. West Beach Estates, 172 F.R.D. 415, 416 (D. Haw. 1997). The Declarations of Drs. Oh and Massey are not subject to being stricken as "sham declarations" because the opinions contained therein are clarifications of, and not contradictory to, the doctors' prior deposition testimony. See Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991). Notwithstanding the Court's denial of Defendant's Motion to Strike, the Court ORDERS that at trial Drs. Oh and Massey shall be permitted to testify on the issue of causation, but only to the extent that their medical opinions are based on their respective treatments of Mr. Lattish. See Arnett v. Ohio Nat'l Life Assurance Corp., Case No. C05-5639-FDB, Order, docket no. 27, at 5 (Oct. 23, 2006). The treating physicians will be prohibited from rendering medical

MINUTE ORDER   1–

opinions based on factors that were not learned in the course of their respective treatment of the Plaintiff.  Id.

    (3)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Filed and entered this 3rd day of August, 2007.

                          BRUCE RIFKIN, Clerk

                          s/ Claudia Hawney
By _____
    Claudia Hawney
    Deputy Clerk

MINUTE ORDER   2–